The decision below is hereby signed. Dated: June 29, 2006.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MONICA J. MATHIS, | ) | Case No. 05-1386 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

OPINION RE MOTION FOR CONTEMPT

On May 15, 2006, the debtor filed a motion to hold Coastal Credit, LLC ("Coastal") in contempt based upon its efforts to repossess a motor vehicle in alleged violation of the discharge order entered in this bankruptcy case (Docket Entry "DE" No. 25). On May 25, 2006, Coastal filed a response, stating that it is entitled to recover possession of the vehicle because it has a purchase money security interest in the vehicle and its lien was not avoided by the debtor (DE No. 31). On June 1, 2006, the court entered an order to show cause, directing the debtor to file a memorandum showing why contempt exists in this case given Coastal's representations, including any facts the debtor disputes and any matters of law the debtor contests (DE No. 33). The court warned that it would deny the debtor's motion unless

she filed such a memorandum within 21 days after entry of the show cause order.

On June 22, 2006, the debtor filed what purported to be a response to the court's show cause order (DE No. 39). In that response, the debtor states that she has properly served the motion and asks that her case not be dismissed for lack of proper service. Although the court dismissed the debtor's Motion for Protective Order and Motion for Equitable Remedy for lack of proper service, the court's show cause order relating to the debtor's contempt motion did not address adequacy of service, and instead went to the merits of the debtor's motion and directed the debtor to demonstrate why contempt exists in this case in light of Coastal's representations. The debtor's response to the court's show cause order makes no attempt to explain why, given the representations of Coastal, the debtor's contempt motion ought not be denied. In consideration of the debtor's failure to timely file a memorandum addressing why contempt exists in this case, the court will deny the debtor's Motion for Contempt.

An order follows.

[Signed and dated above.]

Copies to:
Debtor; Matthew A. Egeli; Chapter 7 trustee

2